■ In the Matter of ALBANY SPECIALTIES, INC., Respondent, v COUNTY OF ORANGE, Appellant, et al., Intervenor. [682 NYS2d 597] —In a hybrid proceeding pursuant to CPLR article 78, inter alia, to prohibit the County of Orange from accepting bids for the Orange County Court Facilities Project, and an action for a judgment declaring that a certain labor agreement incorporated in the bid specifications for the Orange County Court Facilities Project is illegal and unenforceable, the County of Orange appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Leavitt, J.), dated September 24, 1997, as, in effect, denied that branch of its motion which was to vacate so much of a prior order of the same court, dated June 20, 1997, as imposed costs against it in the sum of $2,004.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The County of Orange moved, inter alia, for recusal of the Supreme Court Justice from the above-entitled matter on the ground that the Justice's law intern who had assisted in researching the issues involved in the case was a law student in a school whose legal clinic was representing a plaintiff in an unrelated Federal matter in which the County was a defendant. The County contended that there was the potential for bias because the student intern, who had no relationship with the law clinic, helped in researching the issues in this case. The court denied the motion, found that the motion was frivo-

lous and constituted nothing more than "judge-shopping", and imposed costs and a sanction on the County and its attorneys, jointly and severally.

Subsequently, the County moved to vacate so much of the order as imposed costs and sanctions. The court granted that branch of the motion which was to vacate so much of the order as imposed a sanction on the County's attorneys, but otherwise denied the motion.

Costs were properly imposed against the County, as the record clearly shows that there was no legal or factual basis for the motion seeking recusal of the Justice. Accordingly, by moving for recusal, the County engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1) and (2). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.